# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARRINGTON MORTGAGE
HOLDINGS, LLC,
Appellant,
vs.
R VENTURES VIII, LLC, A NEVADA
SERIES LIMITED LIABILITY
COMPANY OF THE CONTAINER R
VENTURES, LLC UNDER NRS 86.296,
Respondent.

No. 70545



NOV 19 2018



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the judgment and remand for further proceedings.

We conclude that the district court erroneously granted summary judgment for respondent, as appellant Carrington's predecessor tendered $655.14 to the HOA's agent, which undisputedly exceeded 9 months of assessments. *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2009)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although respondent contends that (1) the tender was ineffective because it imposed conditions, (2) Carrington's predecessor needed to deposit its tender into court to keep the tender good, and (3) respondent is protected as

18-904728

a bona fide purchaser, we recently rejected similar arguments.[1] *Id.* at 118-121. Accordingly, respondent took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
      Pickering

_____Gibbons_____, J.          _____Hardesty_____, J.
    Gibbons                              Hardesty

cc:    Hon. Elissa F. Cadish, District Judge
       Janet Trost, Settlement Judge
       Akerman LLP/Las Vegas
       Cooper Coons Ltd.
       Eighth District Court Clerk

---

[1]We are not persuaded by respondent's argument that the letter accompanying the check conditioned acceptance of the tender as an agreement that the entire unpaid balance was being paid in full. To the contrary, the letter expressly stated that "*BANA's financial obligations towards the HOA* have now been 'paid in full.'" (emphasis added). *Cf.* 1982 Uniform Common Interest Ownership Act, § 3-116 cmt. 1 (observing that a secured lender can protect its security interest by paying the superpriority portion of an HOA's lien); 1994 & 2008 Uniform Common Interest Ownership Acts, § 3-116 cmt. 2 (same).